Case 4:17-cr-06011-EFS    ECF No. 97    filed 10/18/22    PageID.459    Page 1 of 4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 18, 2022
SEAN F. McAVOY, CLERK

AO 248 (Rev. 08/20)  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA

v.

PAUL ROSIER

Case No. 4:17-cr-6011-EFS

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, and recognizing that U.S.S.G. § 1B1.13 is not binding on judicial review of such motions filed by defendants, IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.
    Defendant's Motion for Compassionate Release, **ECF No. 94**, is **DENIED** with leave to renew if health conditions worsen.
    ☒ FACTORS CONSIDERED (Optional—See bottom of next page.)

3

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:    October 18, 2022

_____
UNITED STATES DISTRICT JUDGE

FACTORS CONSIDERED (Optional—Continued):

Recognizing that U.S.S.G. § 1B1.13 is not binding on judicial review of § 3582(c)(1)(A) motions filed by defendants, the Court makes the following findings:

**Defendant's Age & Health**.  Defendant is currently 80 years old.  He has been diagnosed with hypercholerolemia, HBP essential hypertension, and chronic kidney disease; the first two conditions he was diagnosed with prior to his initial sentencing. Defendant has received medical examinations and treatment while incarcerated. While there are no records pertaining to the recommended kidney and colonoscopy ultrasound, the filed records do not indicate that Plaintiff's conditions are so severe as to warrant a finding that early release at this time is justified.

**COVID at Facility**.  According to the BOP's website, FCI La Tuna currently has no positive inmate cases or staff cases of COVID-19, and therefore FCI La Tuna is operating at the least restrictive modified operational level in regard to COVID. *See COVID-19 Coronavirus*, BOP, https://www.bop.gov/coronavirus/index.jsp# (last visited Oct. 13, 2022), https://www.bop.gov/coronavirus/index.jsp# (last visited Oct. 13, 2022).

**Section 3553(a) Factors**.  Like at the initial sentencing, the Court has considered the nature and circumstances of Defendant's offense, his history and characteristics, the kinds of sentences available, and the kinds of sentence and the sentencing range established by the Guidelines.  The Court has also considered all the other applicable § 3553(a) factors and finds that the requested reduction would undermine the objectives and purposes of Defendant's mandatory-minimum sentence. Defendant's offense was serious: he intended to have sex with a 13-year-old girl. Having served only about 40 percent of his sentence, the § 3553(a) sentencing factors do not favor early release at this time.

**Decision**.  Defendant has requested that in lieu of the anticipated release date of December 31, 2026, that he be released now. Upon due consideration, the Court finds that Defendant has not met his burden by showing that extraordinary and compelling reasons warrant such a reduction at this time. However, if future medical records demonstrate serious health issues, Defendant is given leave to renew his request.