AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Mar 04, 2024**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL ROSIER | Case No. __4:17-cr-6011-EFS__<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)<br><br>(COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, and recognizing that U.S.S.G. § 1B1.13 is not binding on judicial review of such motions filed by defendants, IT IS ORDERED that the motion is:

☒ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of __120 months__ is reduced __- to be released on 12/31/2024__ __to home confinement for 24 months, along with a lifetime term of supervised release__.

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☒ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☒ The defendant's previously imposed conditions of supervised release are modified as follows:

ALL PREVIOUSLY IMPOSED CONDITIONS REMAIN IN EFFECT EXCEPT:

Special Condition 2 is replaced with: You must allow the probation officer to install monitoring software on any of the following used by you: computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults.

Special Condition 3 is replaced with: To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches on any of the following used by you: computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

Special Condition 4 is replaced with: You must submit to search, any of the following used by you: computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

Special Condition 5 is replaced with: You must not possess and/or use computers, other electronic communications, or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actually sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults.

Special Condition 12 is added: You will be monitored by GPS Monitoring for a period of 24 months, and you must follow the rules and regulations of the location monitoring program. You are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the court (Home Incarceration). You must pay the costs of the program.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: March 4, 2024

_____
UNITED STATES DISTRICT JUDGE

FACTORS CONSIDERED (Optional—Continued):

**Decision**. Defendant was sentenced on October 2, 2018; his anticipated release date is December 31, 2026. Because of his medical conditions and age, Defendant requests that the remainder of his 120-month sentence be reduced to a sentence of home confinement subject to electronic monitoring. The United States, along with a member of the public, oppose the request.

Defendant argues that, given his age and his medical conditions, he is at a greater risk of complications from his medical conditions if he remains in prison without prompt access to emergency services. Defendant is 81 years old. When he was sentenced, his medical conditions included high cholesterol, sciatic nerve pain, and hypertension. Recent BOP records reflect increased medical conditions as Defendant ages: hypercholesterolemia, HBP essential hypertension, chronic kidney disease (stage 3b), enlarged prostate with lower urinary tract symptoms, hyperlipidemia, and right-sided hydroureteronephrosis (severe) with associated renal atrophy. It is recommended that Plaintiff have laser vaporization of prostatic tissue, but he must obtain cardio clearance; the cardiologist in turn requested an echocardiogram and stress test.

BOP medical records reflect that Defendant has received medical care for his conditions, conditions which interact with each other. While there is insufficient evidence to support a finding as to whether Defendant's access to medical care would be quicker or more comprehensive in the private sector than at BOP, the Court finds, given Defendant's aging process and deteriorating physical health, that extraordinary and compelling circumstances call for Defendant's release to home confinement with electronic monitoring (for a 24 month period) on **December 31, 2024**.

Defendant seeks release now. However, the Court declines to do so after weighing Defendant's medical care needs with the other 18 U.S.C. § 3553 sentencing factors. Defendant's offense was extremely serious: attempted child sex trafficking. Defendant engaged in conduct that caused harm to others and reflected significant disrespect for authority, and he has a history of sexually prurient behavior. Yet, by December 31, 2024, Defendant will be almost 84 years old. His age, along with his chronic medical conditions and lifetime term of supervised release, including home confinement for 24 months, sex-offender treatment, and monitoring of electronic devices and accounts, deters the likelihood of additional criminal conduct. Moreover, a release date of December 31, 2024, permits Defendant to arrange his release plan and line up appointments with outside providers, and facilitates BOP's continued treatment of Defendant during the final months of his incarceration. BOP will have sufficient time to schedule the recommended laser vaporization and aftercare before the release date, if such procedure is approved by the cardiologist.